**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
(State)

Case number (*If known*): _____ Chapter **11**

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Fisker Group Inc. |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 8 1 – 3 8 8 3 3 4 2 |

4. **Debtor's address**

   **Principal place of business**

   14    Centerpointe Drive
   Number   Street

   _____

   La Palma          CA    90623
   City              State  ZIP Code

   Orange
   County

   **Mailing address, if different from principal place of business**

   _____
   Number   Street

   _____
   P.O. Box

   _____
   City    State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number   Street

   _____

   _____
   City    State    ZIP Code

5. **Debtor's website** (URL)   https://www.fiskerinc.com

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor  **Fisker Group Inc.**_____        Case number (*if known*)_____
      Name

| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ❑ Partnership (excluding LLP) |
| | | ❑ Other. Specify: _____ |

| 7. | **Describe debtor's business** | A. *Check one:* |
|---|---|---|

❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))
❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
❑ Railroad (as defined in 11 U.S.C. § 101(44))
❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))
❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))
❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply:*

❑ Tax-exempt entity (as described in 26 U.S.C. § 501)
❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

3  3  6  1

| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
|---|---|---|
| | | ❑ Chapter 7 |
| | A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | ❑ Chapter 9 |
| | | ■ Chapter 11. *Check **all** that apply*: |

❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

❑ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

❑ A plan is being filed with this petition.

❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❑ Chapter 12

Debtor **Fisker Group Inc.**
Name

Case number (*if known*)_____

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

    If more than 2 cases, attach a separate list.

    ■ No
    ☐ Yes.  District _____  When _____  Case number _____
                                         MM / DD / YYYY
              District _____  When _____  Case number _____
                                         MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ■ No
    ☐ Yes.  Debtor _____  Relationship _____
              District _____  When _____
                                                              MM / DD / YYYY
              Case number, if known _____

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ■ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
    Number    Street
    _____
    _____
    City                          State ZIP Code

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency _____
            Contact name _____
            Phone _____

**Statistical and administrative information**

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page **3**

Debtor  **Fisker Group Inc.**_____  Case number (*if known*)_____
　　　　Name

| 13. | **Debtor's estimation of available funds** | Check one:<br>● Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
|---|---|---|

| 14. | **Estimated number of creditors** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>● 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|---|

| 15. | **Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ● $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|---|

| 16. | **Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>● $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|---|

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/17/2024
　　　　　　　MM / DD / YYYY

✗ ___/s/ John C. DiDonato_____　　John C. DiDonato_____
　Signature of authorized representative of debtor　　Printed name

　Title  Chief Restructuring Officer_____

Debtor  **Fisker Group Inc.**
Name

Case number *(if known)*_____

**18. Signature of attorney**

✗ */s/ Robert J. Dehney, Sr.*
Signature of attorney for debtor

Date  06/17/2024
MM / DD / YYYY

Robert J. Dehney, Sr.
Printed name

Morris, Nichols, Arsht & Tunnell LLP
Firm name

1201 N. Market Street, 16th Floor
Number    Street

Wilmington                         DE        19801
City                               State     ZIP Code

(302) 658-9200                     rdehney@morrisnichols.com
Contact phone                      Email address

3578                               DE
Bar number                         State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page **5**

**Fill in this information to identify the case:**

Debtor name: Fisker Group Inc.

United States Bankruptcy Court for the: District of Delaware
(State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | ADOBE<br>345 PARK AVE<br>SAN JOSE, CA 95510 | PHONE: 408-536-2800<br>FAX: 408-537-6000<br>EMAIL: VIP-DIRECT-AMER@ADOBE.COM | IT / SOFTWARE | | | | $ 2,042,952.21 |
| 2 | BERTRANDT US, INC. 1775 WEST HAMLIN ROAD<br>ROCHESTER HILLS, MI 48309 | PHONE: 248-598-5100<br>FAX: 248-598-5106<br>EMAIL: GERRIT.SCHMIDT@BERTRANDT.COM | RESEARCH & DEVELOPMENT | | | | $ 1,660,000.00 |
| 3 | AVNET INC<br>2211 S. 47TH STREET<br>PHOENIX, AZ 85034 | PHONE: 810-626-8956; 480-643-2000<br>EMAIL: JOEL.FISHMAN@AVNET.COM | TRADE | | | | $ 1,343,100.23 |
| 4 | GOOGLE LLC<br>1600 AMPHITHEATRE PARKWAY<br>MOUNTAIN VIEW, CA 94043 | PHONE: 650-253-0000<br>EMAIL: COLLECTIONS@GOOGLE.COM | SALES & MARKETING | | | | $ 1,237,811.31 |
| 5 | SAP AMERICA INC.<br>3999 WEST CHESTER PIKE<br>NEWTOWN SQUARE, PA 19073 | PHONE: 610-661-1000<br>EMAIL: FINANCEAR@SAP.COM | IT / SOFTWARE | | | | $ 1,206,174.51 |
| 6 | MANPOWERGROUP US INC 100 MANPOWER PL<br>MILWAUKEE, WI 53212 | PHONE: 414-961-1000<br>EMAIL: ANDREW.PULASKI@MANPOWER.COM | PROFESSIONAL SERVICES | | | | $ 1,081,384.05 |
| 7 | TESSOLVE DTS INC 3910 N, FIRST STREET SAN<br>JOSE, CA 95134 | PHONE: 408-865-0873<br>FAX: 408-865-0896<br>EMAIL: SALES@TESSOLVE.COM | RESEARCH & DEVELOPMENT | | | | $ 1,077,395.00 |
| 8 | PRELUDE SYSTEMS INC<br>5 CORPORATE PARK, SUITE 140<br>IRVINE, CA 92606 | PHONE: 949-208-7126<br>EMAIL: PRADEEP_P@PRELUDESYS.COM | IT / SOFTWARE | | | | $ 660,053.72 |

Debtor  **Fisker Group Inc.**
Name

Case number *(if known)* _____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 9 | NBC UNIVERSAL LLC<br>30 ROCKEFELLER PLAZA<br>NEW YORK, NY 10112 | EMAIL: GAVIN.LAU@NBCUNI.COM | SALES & MARKETING | | | | $ 649,999.97 |
| 10 | STRATUS-X LLC, DBA XD INNOVATION AMERICA<br>9800 MOUNT PYRAMID COURT, SUITE 400<br>ENGELWOOD, CO 80112 | PHONE: 855-934-8326<br>EMAIL: MCARRABINO@XDINNOVATION.COM | IT / SOFTWARE | | | | $ 616,000.00 |
| 11 | I.G. BAUERHIN GMBH<br>WIESENSTR. 29 HESSEN<br>GRUNDAU, 63584 GERMANY | PHONE: 49 6051 826-0<br>EMAIL: ANDRZEJ.DYMEK@BAUERHIN.COM | TRADE | | | | $ 593,345.93 |
| 12 | URGENTLY INC.<br>8609 WESTWOOD CENTER DRIVE, SUITE 810<br>VIENNA, VA 22182 | EMAIL: THUFFMYER@GETURGENTLY.COM | IT / SOFTWARE | | | | $ 548,686.66 |
| 13 | SALESFORCE.COM, INC<br>415 MISSION STREET, 3RD FLOOR<br>SAN FRANCISCO, CA 94105 | PHONE: 415-901-8457<br>EMAIL: WFERRIS@SALESFORCE.COM | IT / SOFTWARE | | | | $ 527,652.43 |
| 14 | FEDEX<br>MARK MASTER<br>P.O. BOX 7221<br>PASADENA, CA 91109-7321 | MARK MASTER<br>PHONE: 310-743-3501<br>EMAIL: MARK.MASTER@FEDEX.COM | FREIGHT & DELIVERY | | | | $ 499,966.12 |
| 15 | VECTOR NORTH AMERICA INC.<br>39500 ORCHARD HILL PLACE SUITE 400<br>NOVI, MI 48375 | PHONE: 248-449-9290<br>FAX: 248-449-9704<br>EMAIL: SALES@US.VECTOR.COM | IT / SOFTWARE | | | | $ 496,813.35 |
| 16 | ANSYS INC 2600<br>ANSYS DR<br>CANONSBURG, PA 15317 | EMAIL: KYLE.KAPLAN@ANSYS.COM | RESEARCH & DEVELOPMENT | | | | $ 492,050.00 |
| 17 | TOMTOM NORTH AMERICA, INC. 11 LAFAYETTE STREET<br>LEBANON, NH 03766 | EMAIL: ROYALTYDEPT@TOMTOM.COM | TRADE | | | | $ 468,526.08 |
| 18 | HL MANDO (SUZHOU) AUTOMOTIVE SYSTEM CO.,LTD.<br>NO.328, MAYUN ROAD, HIGH-TECH ZONE SUZHOU, JS 215129<br>CHINA | PHONE: 86-512-8228-9888<br>FAX: 86-512-6665-3022<br>EMAIL: HUI.WANG@HLCOMPANY.COM | TRADE | | | | $ 453,027.85 |
| 19 | BROADRIDGE ICS BROADRIDGE INVESTOR COMMUNICATION<br>P.O. BOX 416423 BOSTON,<br>MA 02241-6423 | PHONE: 800-353-0103<br>EMAIL: INVOICES@BROADRIDGE.COM | PROFESSIONAL SERVICES | | | | $ 412,922.90 |
| 20 | MOURI TECH LLC<br>1183 W JOHN CARPENTER FWY<br>IRVING, TX 75039 | PHONE: 972-756-1500<br>EMAIL: SIVAD@MOURITECH.COM | IT / SOFTWARE | | | | $ 400,561.10 |

Official Form 204    **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims**    page 2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FISKER GROUP INC., | Case No. 24-[•] ([•]) |
| Debtor. | |

**CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and to enable the Judges to evaluate possible disqualification or recusal, attached hereto as **Exhibit A** is a corporate structure chart (the "**Corporate Structure Chart**") reflecting the ownership interests of Fisker Inc., the ultimate parent of debtor Fisker Group Inc. (the "**Debtor**").  The Debtor respectfully represents, as of the date hereof, the following:

1. Each of the entities[1] identified on the Corporate Structure Chart, other than Fisker Inc., is owned in its entirety by its direct parent.

2. Fisker Inc. is the ultimate parent of the Debtor, and its equity securities are publicly held as follows (as of April 8, 2024):

| Class of Common Stock | Amount Authorized | Amount Outstanding |
|---|---|---|
| A | 2,000,000,000 | 1,250,822,032 |
| B | 150,000,000 | 132,354,128 |

3. There are no entities that own 10% or more of the issued and outstanding common stock of Fisker Inc.

---

[1] The address of the Debtor's corporate headquarters is 14 Centerpointe Drive, La Palma, CA 90623.

## Exhibit A

**Corporate Structure Chart**

# Fisker – Organizational Chart



# CERTIFICATE OF SECRETARY
# OF
# FISKER GROUP INC.

Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in **Exhibit A** annexed hereto. The undersigned, Corey MacGillivray, Secretary of the Fisker Group Inc. (the "**Company**") hereby certifies on behalf of the Company in his capacity as an officer of the Company and not in any other capacity that, attached hereto as **Exhibit A** is a true, correct and complete copy of the resolutions of the Board of Directors of the Company, effective June 17, 2024, that were passed at a meeting on June 17, 2024, with a quorum of the Board of Directors present. Such resolutions have not in any way been amended, modified, revoked or rescinded, are in full force and effect on the date hereof and constitute all of the resolutions with respect to the matters covered thereby.

IN WITNESS WHEREOF, the undersigned has executed this Certificate and caused this Certificate to be delivered this 17th day of June 2024.

_____
Corey MacGillivray, Secretary

[Signature Page to Secretary Certificate]

## **Exhibit A**

See attached.

**Resolution of the Board of Directors of Fisker Group Inc.**
**June 17, 2024**

WHEREAS, the Board of Directors (the "**Board**") of Fisker Group Inc. (the "**Company**") has reviewed and had the opportunity to ask questions about the materials presented by the management, the Chief Restructuring Officer, and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available, and the impact of the foregoing on the Company's business;

WHEREAS, the Board has had the opportunity to consult with the CRO, management and the legal and financial advisors of the Company to fully consider each of the strategic alternatives available to the Company;

WHEREAS, the Board has received, reviewed, and considered the recommendations of, and the materials presented by, the management and the legal and financial advisors of the Company regarding the relative risks and benefits of pursuing a case under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

WHEREAS, the Board has reviewed with the CRO, the management and the legal and financial advisors of the Company the resolutions set forth below; and

WHEREAS, the Board (a) has determined that taking the actions set forth below and the transactions contemplated hereby are advisable and fair to, and in the best interests of, the Company and its stakeholders and, therefore, (b) has adopted the resolutions set forth below and authorized and approved the transactions, agreements, and actions contemplated hereby:

### Commencement of Chapter 11 Case

RESOLVED, that the Board has determined, after due consultation with the CRO, management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company and its stakeholders that the Company shall be, and hereby is, authorized to file, or cause to be filed, a petition seeking relief (a "**Chapter 11 Case**") under the provisions of chapter 11 of the Bankruptcy Code, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

RESOLVED, FURTHER, that each officer, including the Chief Restructuring Officer, director, or manager of the Company (each, an "**Authorized Person**"), is authorized, empowered, and directed to (a) execute and file in the name and on behalf of the Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for Delaware (the "**Bankruptcy Court**"), (b) employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and (c) take and perform any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Cases, including (i) negotiating, executing, delivering, and performing under any and all documents, agreements, certificates, and instruments in connection with the transactions and professional retentions set forth in this resolution, (ii) appearing as necessary at all bankruptcy

proceedings in the Bankruptcy Court on behalf of the Company, and (iii) paying all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein; and

RESOLVED, FURTHER, that the Company is authorized, and each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of the Company to seek to have its Chapter 11 Case administered by the Bankruptcy Court under chapter 11 of the Bankruptcy Code.

**General Authorization and Ratification**

RESOLVED, that each Authorized Person shall be, and hereby is authorized, empowered, and directed, on behalf of and in the name of the Company, to (a) do and perform all such acts and things and enter into, execute, acknowledge, deliver, and file all such certificates, agreements, acknowledgments, instruments, contracts, statements, and other documents and to take such further actions as such Authorized Person may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions, the taking of such action or the execution and delivery thereof to be conclusive evidence of the approval thereof, (b) perform the Company's obligations under the Bankruptcy Code and exercise all rights of the Company under the Bankruptcy Code (including all rights with respect to contracts, agreements, and leases under sections 365 of the Bankruptcy Code), with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, the performance or execution thereof to be conclusive evidence of the approval thereof by such Authorized Person, the Board, and the Company, and (c) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions;

RESOLVED, FURTHER, that the omission from this written consent of any (a) agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or (b) action to be taken in accordance with any requirement of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions;

RESOLVED, FURTHER, that, to the extent that any Authorized Person serves as the sole member, managing member, manager, general partner, partner, or other governing body (collectively, a "**Controlling Company**"), in each case, of any direct or indirect subsidiary of the Company (a "**Controlled Company**"), each such Authorized Person who may act without the joinder of any other Authorized Person, be, and hereby is, authorized, empowered, and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to (a) authorize such Controlled Company to take any action that any Authorized Person is authorized to take hereunder and/or (b) take any action on behalf of such Controlled Company that an Authorized Person is herein authorized to take on behalf of such Controlling Company (including execution and delivery of any authorizing resolutions);

RESOLVED, FURTHER, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice;

RESOLVED, FURTHER, that any and all actions taken by any officer or director of or advisor to the Company prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed, and adopted as a duly authorized act of the Company in all respects and for all purposes; and

RESOLVED, FURTHER, that this consent may be executed in one or more counterparts, and delivered by electronic means, each of which, when so executed, shall be treated in all manner and respects and for all purposes as one and the same original, written consent, and shall be considered to have the same binding legal effect as if it were an original manually signed counterpart hereof delivered in person.

**Fill in this information to identify the case and this filing:**

Debtor Name: Fisker Group Inc.

United States Bankruptcy Court for the: District of Delaware
(State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration  Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/17/2024
MM / DD / YYYY

✗ /s/ John C. DiDonato
Signature of individual signing on behalf of debtor

John C. DiDonato
Printed name

Chief Restructuring Officer
Position or relationship to debtor

Official Form 202        Declaration Under Penalty of Perjury for Non-Individual Debtors